UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06-CV-3-H

BOBBY DEAN CAMPBELL                                                                              PLAINTIFF

v.

DANNY FACKLER, et al.                                                                          DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Bobby Dean Campbell, *pro se*, seeks compensatory damages from three government defendants under 42 U.S.C. § 1983. Plaintiff alleges corrections officer, Joe Raper, used excessive force during Plaintiff's detention in the Bullitt County Detention Center, causing him permanent, physical injuries. Plaintiff filed suit in state court and Defendants removed, under 28 U.S.C. § 1441. This matter is before the Court for screening, pursuant to 28 U.S.C. § 1915A. The Court will dismiss the claims against the county and the jailer, Danny Fackler, for failure to state a claim on which relief may be granted. The Court will allow the individual-capacity claim against Defendant Raper to proceed.

I.

When a prisoner commences a civil action against a government entity, officer, or employee, the district court must review the complaint, before service of process on the defendants, to identify "cognizable claims" and to dismiss any portion of the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

The district court must liberally construe the allegations in a light most favorable to the plaintiff and accept all factual allegations as true. *Prater v. City of Burnside*, 289 F.3d 417, 424

(6th Cir. 2002). Although the court holds *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers, the district court is under no duty to conjure up unpled allegations. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). A complaint fails to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

## II.

Plaintiff alleges he was incarcerated when a corrections officer, Joe Raper, struck him in the face, knocking him to the ground, and choked him until he lost consciousness. Paramedics transported Plaintiff to the emergency room of Hardin Memorial Hospital, where he underwent CT scan and other tests. Plaintiff alleges he suffered a seizure due to the lack of oxygen. Plaintiff alleges he suffers migraine headaches and other ailments related to the episode.

The complaint names as Defendants, Joe Raper, the jailer, Danny Fackler, and the Bullitt County Detention Center. The complaint contains no factual averments specifically addressing the involvement, if any, of Defendant Fackler or Bullitt County. The complaint contains no allegations specifying Defendants' capacities.

Plaintiff alleges he filed a grievance but was transferred to another facility without ever receiving a response.

Plaintiff seeks $100,000 in compensatory damages plus medical expenses.

### III.

Section 1983 provides civil remedies to individuals who suffer injury because their federal rights were violated by a person acting "under color of [state] law." 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340,351 (6th Cir. 2001).

**A. Defendant Raper:**

An inmate's right against the use of excessive force stems from the Eighth Amendment's prohibition of cruel and unusual punishment.[1] *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting the settled rule that the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment.) In the context of excessive force claims, "the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Id.* at 6; *see also Combs v. Wilkinson*, 315 F.3d 548 (6th Cir. 2002).

Construing the allegations in a light most favorable to Plaintiff, the Court identifies an excessive force claim against Defendant Raper. The Court cautions Plaintiff, however, that allowing this claim to proceed is no indication that he will ultimately prevail. Rather, the Court will allow issuance of summons against Defendant Raper and will rule upon the legal sufficiency of the complaint upon proper motion of Defendant.

**B. Defendant Fackler:**

---

[1] It is unclear whether at the time of the incident Plaintiff was a pretrial detainee or convicted inmate. Regardless of his status, substantive protection under the Due Process Clause of the Fourteenth Amendment affords pretrial detainees with the rights analogous to those rights convicted persons enjoy under the Eighth Amendment. *Block v. Rutherford*, 468 U.S. 576, 583 (1984); *Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir. 2001).

The complaint contains no allegations of fact that specifically address Defendant, Danny Fackler, Jailer.  The Court's duty to construe a *pro se* complaint liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil Procedure by providing each defendant with fair notice of the basis of the claim.  *Sweikiewicz v. Sorema*, 534 U.S. 506, 514 (2002).  The complaint must contain more than bare legal conclusions. *Lillard v. Shelby County Board of Education*, 76 F.3d 716, 726 (6th Cir. 1996).  To state a claim for relief under § 1983, the plaintiff must allege how each defendant was personally involved in the acts about which the plaintiff complains.  *Rizzo v. Goode*, 423 U.S. 362, 375 (1976).  Supervisory responsibility alone fails to state a claim of relief under § 1983.  *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 694 (1978); *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994).

Again, the complaint contains no allegations of fact specific to the jailer, Defendant Fackler.  The complaint simply lists him as a defendant.  Absent allegations of his personal involvement in the incident about which Plaintiff complains, the complaint fails to state an individual-capacity claim against him.

**C.  Official-Capacity Claims or the Bullitt County Detention Center**:

A plaintiff may sue a county government directly or an officer in his official capacity to seek relief from the governmental entity that employs him.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  A county jail is not a legal entity susceptible to suit.  *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  Thus, the only basis in the complaint for a claim against the county government is a claim against either Defendant in their official capacities.  The complaint fails to specify their capacities, but even if it had, the complaint omits essential elements of such a

claim.

A governmental entity cannot be held liable solely because it employs a tortfeasor. *Monell*, 436 U.S. at 691; *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir. 2000). Rather, "a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation; thus, in an official-capacity suit the entity's 'policy' or 'custom' must have played a part in the violation of federal law." *Graham*, 473 U.S. at 166 (citing *Monell,* 436 U.S. at 658).

Here, the complaint contains no allegations from which the Court may reasonably infer the county itself was the moving force behind the alleged use of excessive force. The complaint thus fails to state an official-capacity claim. The Court concludes Plaintiff cannot under any set of facts alleged in the complaint state a municipal liability claim against the county. Moreover, the law of this circuit precludes any amendment or supplement to the complaint to avoid *sua sponte* dismissal. *McGore*, 114 F.3d at 612.

## IV.

In summary, the Court will dismiss the claims against Defendants Danny Fackler and Bullitt County Detention Center. The Court will allow a claim of excessive force against Defendant Raper in his individual capacity to proceed. The Court will enter orders consistent with this memorandum opinion.

Dated:

cc: Plaintiff, *pro se*
　　　Defendants
　　　Bullitt County Attorney

4412.007